UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOSE LUIS VILLATORO DOMINGUEZ,

        Petitioner,

v.                                                                Case No. 3:26-cv-724-TJC-PDB

TODD M. LYONS, as Acting Director,
Miami Field Office, Enforcement and
Removal Operations (ERO), Department
of Homeland Security, et al.,

        Respondents.

_____

### **ORDER**

On April 2, 2026, Petitioner Jose Luis Villatoro Dominguez, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents (Department of Homeland Security Acting Director Todd M. Lyons and Secretary Markwayne Mullin) filed a Response. (Doc. 5; Response). Villatoro Dominguez filed a counseled Reply. (Doc. 6; Reply). The case is now ripe for review.

### **I. Villatoro Dominguez's Petition**

Villatoro Dominguez, a citizen of Guatemala, entered the United States without inspection in September 2006. Petition at 2. Since then, he has

"resided continuously in the United States, establishing his home and life in Jacksonville, Florida." Id. at 7. On March 14, 2025, Villatoro Dominguez and his spouse jointly filed an I-589 application for Asylum, Withholding of Removal, and protection under the Convention Against Torture. Id. According to his Petition, that asylum application is still pending. Id. at 11.

On January 14, 2026, Villatoro Dominguez was encountered by Florida Highway Patrol due to an alleged traffic violation. Response at 2. He was not charged with any criminal, civil, or traffic offense at the time of his arrest. Petition at 8. He was then detained by Immigration and Customs Enforcement (ICE). Id. On January 15, 2026, ICE issued a Notice to Appear in immigration court and placed him in removal proceedings. Id.

On February 18, 2026, an immigration judge held an initial custody redetermination hearing and denied Villatoro Dominguez's request for bond. Id. at 9. Citing Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), he reasoned that "Immigration Judges lack the authority of bond requests for aliens who are present in the United States without admission." Id. at 9. Shortly thereafter, Villatoro Dominguez's counsel requested a second custody redetermination hearing because a California federal judge, in the case of Maldonado Bautista v. Santacruz, No. 5:25-cv-1873-SSS-CFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), certified a nationwide "Bond Eligible Class." Id. at 10. On March 2, 2026, after a second hearing, the immigration judge

again denied bond on the basis that he did not have jurisdiction to decide whether to release him on bond. Id. Villatoro Dominguez did not appeal the decision to the Board of Immigration Appeals (BIA), and argues that doing so would have been futile. Id. at 11. He then filed his Petition for a Writ of Habeas Corpus in this Court. (Doc. 1).

Villatoro Dominguez's Petition contains three counts, alleging: (1) Respondents have violated the Immigration and Naturalization Act and related regulations; (2) Respondents have violated the due process clause of the Fifth Amendment; and (3) Respondents have violated the Administrative Procedure Act. Id. at 16–18. The underlying premise of Villatoro Dominguez's claims is that because he has remained continuously inside the United States for nearly twenty years and is not "seeking admission," he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Id. at 13. As relief, he requests, inter alia, immediate release or an order directing Respondents provide him with an appropriate bond hearing. Id. at 26–28.

The Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). Because the facts in that case resemble those here—especially that both Petitioners had bond previously denied by an immigration judge without an individualized bond hearing, and efforts to

3

administratively appeal those decisions to the BIA would be futile—the Court incorporates the reasoning in Orozco Torres into this Order.

Accordingly, the Court rejects the Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Villatoro Dominguez's claims and that he failed to exhaust his administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with Orozco Torres, that Villatoro Dominguez is not properly detained under § 1225(b)(2) as Respondents contend. His detention is instead governed by § 1226(a), he is therefore entitled to an individualized bond hearing, and the Petition is due to be granted. See 2026 WL 947955 at *6.

## II. Remedy

The Court next considers the appropriate relief. In most cases, the Court would require an individualized hearing on the Petitioner's detention, as provided for by § 1226(a). However, in these specific circumstances, directing a bond hearing would not be the appropriate relief. An immigration judge has already twice refused to conduct a meaningful bond hearing, citing Yajure Hurtado as depriving the immigration judge of the jurisdiction to do so. Petition at 9–11. Thus, sending it back to the immigration judge, who says he has no jurisdiction to conduct a bond hearing, would be futile. See Orozco Torres, 2026 WL 947955 at *6. Without any lawful basis for his detention at

this time, and unable to access a bond hearing, the Court can only find that Villatoro Dominguez is entitled to immediate release.[1]

Since the Court will grant the Petition because he is not properly detained under § 1225(b)(2), it does not, and need not, address Villatoro Dominguez's other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[2]

Accordingly, it is hereby

**ORDERED**:

1.  Villatoro Dominguez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Respondents shall release Villatoro Dominguez **within 48 hours of the entry of this Order**. At least five (5) hours before releasing Petitioner, Respondents shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

---

[1] Unlike some other cases, the government has not alternatively requested that the Court order a bond hearing. Neither has the government contended that Petitioner's release creates a danger to the community.

[2] For example, the Court declines to address Villatoro Dominguez's argument that he is a member of the Maldonado Bautista "Bond Eligible Class" and is entitled relief under that decision, or his due process arguments.

2.   The Court retains jurisdiction to effectuate this Order.

3.   No later than **April 21, 2026**, Respondents shall **FILE** a notice with the Court confirming that Villatoro Dominguez has been released from custody.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

6